Debtor    **Jennifer Lynne Yafanero**

United States Bankruptcy Court for the     **MIDDLE DISTRICT OF TENNESSEE**     ☐ Check if this is an
                                                               [Bankruptcy district]                          amended plan

Case number: _____

---

# Chapter 13 Plan

### Part 1:  Notices

**To Debtor(s):**  This form sets out options that are appropriate in some cases but not in others. The presence of an option does not indicate that the option is appropriate in your circumstances.

**To Creditors:**  Your rights are affected by this plan. Your claim may be reduced, modified, or eliminated.

If you oppose the treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 5 days before the meeting of creditors or raise an objection on the record at the meeting of creditors. The Bankruptcy Court may confirm this plan without further notice if no timely objection to confirmation is made. In addition, a timely proof of claim must be filed before your claim will be paid under the plan.

**Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If an item is not checked as "Included" or if both boxes are checked, the provision will not be effective if set out later in the plan.**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in § 3.2, which may result in partial payment or no payment to the secured creditor. | ■ **Included** | ☐ **Not Included** |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4. | ■ **Included** | ☐ **Not Included** |
| 1.3 | Nonstandard provisions, set out in Part 9. | ☐ **Included** | ■ **Not Included** |

### Part 2:  Plan Payments and Length of Plan

**2.1 Debtor(s) will make payments to the trustee as follows:**

| Payments made by | Amount of each payment | Frequency of payments | Duration of payments | Method of payment |
|---|---|---|---|---|
| ■ Debtor 1<br>☐ Debtor 2 | $373.85 | Bi-Weekly | **60** months | ☐ Debtor will make payment directly to trustee<br>■ Debtor consents to payroll deduction from:<br>**Mid-America Apartments, LP** |

Insert additional lines as needed.

**2.2 Income tax refunds.**
*Check one.*

■     Debtor(s) will retain any income tax refunds received during the plan term.

☐     Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐     Debtor(s) will treat income refunds as follows:

_____

**2.3 Additional payments.**
*Check one.*

■     **None.** If "None" is checked, the rest of § 2.3 need not be completed or reproduced.

**2.4 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.3 is $48,600.00.**

### Part 3:  Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default.** Check one.

---

Case 3:19-bk-00263    Doc 2    Filed 01/16/19    Entered 01/16/19 16:09:15    Desc Main
Document     Page 1 of 6

Debtor    **Jennifer Lynne Yafanero**                                  Case number _____

☑    **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

**3.2 Request for valuation of security and claim modification.** *Check one.*

☐    **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
     **The remainder of this paragraph will be effective only if the applicable box in§ 1. is checked.**

☑    For each claim listed below, the debtor(s) request that the court determine the value of the creditor's interest in any property securing the claim based on the amount stated in the column headed Value securing claim. If this amount exceeds any allowed claim amount, the claim will be paid in full with interest at the rate stated below. If the amount is less than the allowed claim mount, the claim will be paid the full value securing the claim, with interest at the rate stated below.

The portion of any allowed claim that exceeds the value securing the claim will be treated as an unsecured claim under § 5.1. If the value securing a creditor's claim is listed below as zero or no value, the creditor's allowed claim will be treated entirely as an unsecured claim under § 5.1. The avoidance of any lien because it is not secured by any value must be addressed in Part 9. The mount of a creditor's total claim stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary mount stated below.

The holder of any claim listed below as secured by any value will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Value securing claim | Interest rate | Monthly payment |
|---|---|---|---|---|---|---|---|
| | | | | | | | $15.11 |
| Conn's | $733.03 | Maytag Washer | $500.00 | $0.00 | $733.03 | 5.50% | |

Insert additional claims as needed.

**3.3 Secured claims excluded from 11 U.S.C. § 506.** *Check one.*

☐    **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
☑    The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle
    acquired for the personal use of the debtor(s), or
(2) incurred within 1 year before the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full through the trustee as stated below. The claim amount stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment |
|---|---|---|---|---|
| AmeriCredit/GM Financial | **2011 BMW 328 89863 miles Dop: May 2017 Vin#WBAPH7G59BNN03370 Tag#8C92L1** | $12,554.92 | 5.50% | $258.77 |

*Insert additional claims as needed.*

**3.4 Lien avoidance.** *Check one.*
☐    **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.
     **The remainder of this section will be effective only if the applicable box in § 1.2 is checked**

Debtor  **Jennifer Lynne Yafanero**                     Case number _____

■  The judicial liens or nonpossessory, nonpurchase money security interests listed below impair exemptions to which the debtor(s) would be entitled under 11 U.S.C. § 522(b). The judicial liens or security interests listed below will be avoided to the extent they impair exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim under § 5.1. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan.

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| | a. Amount of lien | $1,271.00 | **Amount of secured claim after avoidance** (line a minus line f) |
| **Name of Creditor**<br>**Heights Finance Corp** | b. Amount of all other liens | $1,180.38 | |
| | c. Value of claimed exemptions | $1,200.00 | |
| **Collateral**<br>**52' Tv, 32 " Tv, Dell laptop, (2) I pad, Vcr** | d. Total of adding lines a, b, and c | $3,651.38 | **Interest rate** (if applicable)<br>% |
| **Lien identification** (such as judgment date, date of lien recording, book and page number) | e. Value of debtor's interest in property | -$1,200.00 | |
| **Agreement,Non Purchase Money Security Interest**<br>**Opened  5/09/17** | f. Subtract line e from line d. | $2,451.38 | **Monthly plan payment** |

Extent of exemption impairment
*(Check applicable box)*

■     **Line f is equal to or greater than line a.**          **Estimated total payments on secured claim**

The entire lien is avoided *(Do not complete the next column)*

☐     **Line f is less than line a.**
A portion of the lien is avoided. *(Complete the next column)*

| | | | |
|---|---|---|---|
| **Name of Creditor** | a. Amount of lien | $1,180.38 | **Amount of secured claim after avoidance** (line a minus line f) |
| **World Acceptance/Finance Corp** | b. Amount of all other liens | $0.00 | |
| | c. Value of claimed exemptions | $1,200.00 | |
| **Collateral**<br>**52' Tv, 32 " Tv, Dell laptop, (2) I pad, Vcr** | d. Total of adding lines a, b, and c | $2,380.38 | **Interest rate** (if applicable)<br>% |
| **Lien identification** (such as judgment date, date of lien recording, book and page number) | e. Value of debtor's interest in property | -$1,200.00 | |
| **Agreement,Non Purchase Money Security Interest**<br>**Opened 12/15/17** | f. Subtract line e from line d. | $1,180.38 | **Monthly plan payment** |

Extent of exemption impairment
*(Check applicable box)*

■     **Line f is equal to or greater than line a.**          **Estimated total payments on secured claim**

The entire lien is avoided *(Do not complete the next column)*

☐     **Line f is less than line a.**
A portion of the lien is avoided. *(Complete the next column)*

Insert additional claims as needed.

**3.5 Surrender of collateral.** *Check one.*

■          **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                          Best Case Bankruptcy

Debtor    __Jennifer Lynne Yafanero__        Case number    _____

**Part 4:**    **Treatment of Priority Claims (including Attorney's Fees and Domestic Support Obligations)**

**4.1 Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$3,250.00**. The remaining fees and any additional fees that may be awarded shall be paid through the trustee as specified below. Check one.

☐ The attorney for the debtor(s) shall receive a monthly payment of $.

■ The attorney for the debtor(s) shall receive available funds.

**4.2 Domestic support obligations.**

       **(a) Pre- and postpetition domestic support obligations to be paid in full.** *Check one.*
       ■    **None.** If "None" is checked, the rest of § 4.2(a) need not be completed or reproduced.

       **(b) Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.** *Check one.*
       ■    **None.** If "None" is checked, the rest of § 4.2(b) need not be completed or reproduced.

**4.3 Other priority claims.** *Check one.*
     ☐    **None.** If "None" is checked, the rest of § 4.3 need not be completed or reproduced.
     ■    The priority claims listed below will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below.

| Name of Creditor | Estimated amount of claim to be paid |
|---|---|
| **Internal Revenue Service** | **$5,621.00** |

*Insert additional claims as needed.*

**Part 5:**    **Treatment of Nonpriority Unsecured Claims and Postpetition Claims**

**5.1 Nonpriority unsecured claims not separately classified.**

     Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. Check all that apply.
     ☐    The sum of $
     ■    **100.00** % of the total amount of these claims.
     ☐    The funds remaining after disbursements have been made to all other creditors provided for in this plan.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

       ■    **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

       ■    **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**5.4 Separately classified nonpriority unsecured claims.** *Check one*.

       ■    **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

**5.5 Postpetition claims allowed under 11 U.S.C. § 1305.**

     Claims allowed under 11 U.S.C. § 1305 will be paid in full through the trustee.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com              Best Case Bankruptcy

Debtor    **Jennifer Lynne Yafanero**                                    Case number

---

| Part 6: | **Executory Contracts and Unexpired Leases** |
| --- | --- |

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☐    **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

■    **Assumed contracts or leases.** Current installment payments will be disbursed by the trustee or directly by the debtor, as specified below. Arrearage payments will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the installment payment and arrearage.

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid |
| --- | --- | --- | --- |
| **Verandas At Sam Ridley** | **Residential Lease** | **$980.00** | **$0.00** |
| | | Disbursed by:<br>☐ Trustee<br>■ Debtor(s) | |

*Insert additional claims as needed.*

---

| Part 7: | **Order of Distribution of Available Funds by Trustee** |
| --- | --- |

**7.1 The trustee will make monthly disbursements of available funds in the order specified. Check one.**

■ **Regular order of distribution:**

a. Filing fees paid through the trustee

b. Current monthly payments on domestic support obligations

c. Other fixed monthly payments

If available funds in any month are not sufficient to disburse all fixed monthly payments due under the plan, the trustee will allocate available funds in the order specified below or pro rata if no order is specified. If available funds in any month are not sufficient to disburse any current installment payment due under § 3.1, the trustee will withhold the partial payment amount and treat the amount as available funds in the following month.

**Secured claims with fixed monthly payments**

*Insert additional lines as needed.*

d. Disbursements without fixed monthly payments, except under §§ 5.1 and 5.5

The trustee will make these disbursements in the order specified below or pro rata if no order is specified.

**Attorney's Fees**
**Other priority claims without a specified monthly payment**

*Insert additional lines as needed.*

e. Disbursements to nonpriority unsecured claims not separately classified (§ 5.1)

f. Disbursements to claims allowed under § 1305 (§ 5.5)

☐ **Alternative order of distribution:**

*Insert additional lines as needed.*

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor    **Jennifer Lynne Yafanero**        Case number

---

**Part 8:**   **Vesting of Property of the Estate**

**8.1 Property of the estate will vest in the debtor(s) upon discharge or closing of the case, whichever occurs earlier, unless an alternative vesting date is selected below. Check the applicable box to select an alternative vesting date:**

*Check the appliable box:*

■   plan confirmation.

☐   other: _____

---

**Part 9:**   **Nonstandard Plan Provisions**

     ■    **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

---

**Part 10:**   **Signatures:**

X   **/s/ Ryan Lloyd** _____     Date   **January 16, 2019** _____
     **Ryan Lloyd 034323  Tennessee**
**Signature of Attorney for Debtor(s)**

X   **/s/ Jennifer Lynne Yafanero** _____     Date   **January 16, 2019** _____
     **Jennifer Lynne Yafanero**

X   _____     Date   _____

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

**By filing this document, the Attorney for Debtor(s) or Debtors themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the form required under the Local Rules for the Bankruptcy Court for the Middle District of Tennessee, other than any nonstandard provisions included in Part 9.**

Case 3:19-bk-00263    Doc 2    Filed 01/16/19    Entered 01/16/19 16:09:15    Desc Main
Document     Page 6 of 6